UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LINDKE,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN D. TOMLINSON and MAT KING,<br>in their official capacities,<br><br>    Defendants. | Case No. 20-cv-12857<br><br>Sean F. Cox<br>United States District Court Judge |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Judge John Tomlinson, a probate court judge in Michigan, found that Kevin Lindke violated the terms of a domestic personal protection order. Now, Lindke has sued Judge Tomlinson as well as Mat King, the sheriff of St. Clair County. For the reasons explained below, Lindke's suit against both individuals must be dismissed.

**I.**

As it must when deciding a motion to dismiss, the Court "construes the complaint in the light most favorable to" Lindke, "accepts [Lindke's] factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

There is a long history behind this "bitter custody dispute" and "personal Internet crusade." *See generally TT v. KL*, No. 351531, 2020 WL 6370356 (Mich. Ct. App. Oct. 29, 2020). According

1

to the first amended complaint, Lindke and Ami Moeller are the parents of a minor child, "OGL." (ECF No. 9, PageID.444.) Moeller filed for a personal protection order ("PPO") against Lindke on March 31, 2016. (ECF No. 12-3) In part, this stemmed from Lindke's creation of a Facebook page that alleged that Moeller allowed OGL to "come into regular contact with a twice-convicted sex offender." (ECF No. 9, PageID.444.) On March 6, 2019, Moeller alleged that Lindke violated the PPO through his "continued harassment . . . on social media." (ECF No. 9-6, PageID.507.) Specifically, she said that Lindke "was attempting to communicate" with her on Facebook: "speaking directly to me and about me, tagging me in comments," posting photos from her old account, and posting an order from their child-custody case. (*Id.* at 508.) On June 16, 2019, Judge Tomlinson issued an opinion and order that Lindke had violated the PPO. (ECF No. 9-4.)

In the present federal case under 42 U.S.C. § 1983, Lindke asserts that Judge Tomlinson and Sheriff King violated his First Amendment and Fourteenth Amendment rights. Lindke clarifies that he is not seeking money damages, only declaratory or injunctive relief. (ECF No. 9, PageID.439.) As for his relief requested, he asks the Court "to enjoin enforcement of [the] Michigan domestic PPO statute as authoritatively construed and/or as applied against one or both Defendants." (ECF No. 9, PageID.457.) Furthermore, he seeks attorney's fees as well as "a declaration against one or both Defendants that the Michigan domestic PPO statute, as authoritatively construed, is unconstitutional." (*Id.* at 458.)

In Judge Tomlinson's motion to dismiss, he argues that he is not a proper party to the suit and that the lawsuit fails on the merits; furthermore, injunctive relief is barred by § 1983, the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. (ECF No. 12.) Sheriff King's

motion to dismiss asserts that Lindke's complaint fails to state a claim against him. (ECF No. 14.) The parties have briefed the issues, and the Court held a Zoom hearing on June 10, 2021.

## II.

### A.

Notably, Lindke recently brought a similar case against state judge Cynthia A. Lane, which arose out of a dispute between Lindke and OGL's aunt. *See Lindke v. Lane* (*Lane I*), No. 19-CV-11905, 2021 WL 598544, at *1 (E.D. Mich. Feb. 16, 2021) Another judge in this District denied Lindke's motion to consolidate these two cases. *See id.* at 5. Then, that judge proceeded to dismiss Lindke's case against Judge Lane on the merits. *See generally Lindke v. Lane* (*Lane II*), No. 19-CV-11905, 2021 WL 807727 (E.D. Mich. Mar. 3, 2021).

The analysis in *Lane II* is instructive here. *Lane II* joined "the myriad other federal courts that have concluded that a plaintiff may not bring a Section 1983 action challenging a state statute against a state court judge who construed the statute while acting in adjudicatory capacity." *Id.* at *5. The opinion continued: "[T]he lack of adversity between a plaintiff and a defendant-judge deprived the federal courts of Article III jurisdiction over the plaintiff's claims against the judge." *Id.* at *10 (citing *Cooper v. Rapp*, 702 F. App'x 328, 333-34 (6th Cir. 2017)). Since Judge Lane was acting in an adjudicatory capacity when she construed the PPO statute, her interests were not adverse to Lindke's. *See id.* at *11. Presiding over and entering PPOs is a "classically judicial function." *Id.* (quoting *Mackey v. Berryman*, 2019 WL 197000, at *5 (E.D. Mich. Jan. 15, 2019)). Additionally, "[c]ourts have repeatedly rejected Lindke's argument that a judge becomes an interested enforcer of a statute—as opposed to a neutral adjudicator of claims brought under a

statute—on the basis that the judge presided over proceedings and issued orders under that statute." *Id.* at *12.

All of those arguments apply in full here, and Lindke's objections otherwise are unavailing. Judge Tomlinson, like Judge Lane, presided over hearings and issued a written decision. Clearly, Judge Tomlinson acted as an adjudicator. Lindke argues otherwise, saying that Judge Tomlinson "is not being sued as being an adjudicator," but as the "state official responsible for *enforcing* the Michigan domestic PPO statute." (ECF No. 15, PageID.892.) In support of his argument, he cites *Georgevich v. Strauss*, 772 F.2d 1078 (3d Cir. 1985). However, the judges in *Georgevich* were serving as "administrators of the parole power," not as "neutral adjudicators of disputes." *See* 772 F.2d at 1087. Since then, the Third Circuit has reiterated that § 1983 suits are improper when a judge has "acted as an adjudicator rather than an enforcer or administrator of a statute." *Allen v. DeBello*, 861 F.3d 433, 441 (3d Cir. 2017) (quoting *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 199 (3d Cir. 2000)); *accord Lane II*, 2021 WL 807727, at *15. And the Sixth Circuit has "cited that position favorably." *McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991, 997 (6th Cir. 2019).

Ultimately, there is no Article III subject matter jurisdiction to hear this case. For that reason, Lindke's suit against Judge Tomlinson must be dismissed.

### B.

Sheriff King also seeks to dismiss Lindke's case. Like Judge Tomlinson, Sheriff King raises a variety of potentially meritorious barriers to suit. Ultimately, the Court holds that Sheriff King should be dismissed from the suit for a rather basic reason: Lindke's complaint fails to state a claim against him under Rule 12(b)(6).

The complaint's allegations against Sheriff King are contained in three paragraphs:

69. The Michigan domestic PPO statute, as authoritatively construed by Defendants JOHN D. TOMLINSON and MAT KING, is a law existing and being utilized, as effectuated on June 16, 2020 pursuant to its authoritative construction, in violation of the First Amendment to the United States Constitution. . . .

75. Defendant MAT KING further effectuated the unconstitutional Michigan domestic PPO statute, as authoritatively construed, by enforcing and/or attempting to enforce the unconstitutional orders of the St Clair County Circuit Court premised on the Michigan domestic PPO statute, as authoritatively construed, when knowing or had reason to know that such action against First Amendment protected speech is expressly unconstitutional. . . .

76. Defendant MAT KING failed to halt or failed to terminate the effectuation of the unconstitutional Michigan domestic PPO statute, as authoritatively construed, and instead, contrary to the protections of the First Amendment, did seek to, has attempt to, and continues to enforce the unconstitutional Michigan domestic PPO statute, as authoritatively construed.

Simply put, these allegations against Sheriff King cannot survive a motion to dismiss. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations against Sheriff King, though, are "naked assertions devoid of further factual enhancement." *Id.* From the three paragraphs above, it is unclear from the vague language—e.g., "effectuated," "failed to halt or failed to terminate the effectuation of"—what the accusations are.[1] Sheriff King's motion argues that there are "no

---

[1] Unlike the complaint in *Lindke v. Lane*, there is no allegation that the sheriff "did enter [the PPO] into the Law Enforcement Information Network," for instance. *Cf.* Case No. 19-cv-11905, ECF No. 21.

specific factual allegations against Sheriff King as to what actions he has taken to allegedly violate Plaintiff's constitutional rights." (ECF No. 14, PageID.870.) The Court agrees.[2]

### III.

The motions to dismiss are hereby **GRANTED**.

**IT IS SO ORDERED**.

s/ Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 15, 2021

---

[2] Contrary to Lindke's position, *McNeil* does not counsel otherwise. In that case, the Sixth Circuit held that a sheriff was subject to suit because Tennessee state law assigned the duty to hold probationers in county jail to county sheriffs. *See* 945 F.3d at 995. Lindke does not demonstrate how the situation here is analogous.